[Cite as *Ross v. Moore*, 2025-Ohio-5288.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

MARISA ROSS,

    Plaintiff-Appellee,

- vs -

TIMOTHY MOORE,

    Defendant-Appellant.

CASE NO. 2025-L-051

Civil Appeal from the
Painesville Municipal Court

Trial Court No. 2024 CVI 02173

---

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

---

*Monica R. Zibbel*, Forbes Law, LLC, 166 Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Samuel R. Smith, II*, 1220 West 6th Street, Suite 203, Cleveland, OH 44113 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}  Appellant, Timothy Moore, appeals the judgment entered against him in the amount of $4,090.14, on the claim of appellee, Marisa Ross, for negligent entrustment. We affirm.

{¶2}  On November 7, 2024, Ross filed a small claim complaint in the trial court alleging that Moore's vehicle "was used in an intentional criminal act by driving to [Ross's] residence and crashing into [Ross's] vehicle."

{¶3}  Following a trial before a magistrate, the magistrate issued a decision in favor of Moore.

{¶4} Thereafter, Ross filed a request for findings of fact and conclusions of law. The magistrate issued the following findings of fact, in which he determined Ross failed to prove negligent entrustment:

> Justin White was the driver of the vehicle that intentionally damaged [Ross's] vehicle. Justin White was experiencing mental health issues at the time he took [Moore's] vehicle. [Moore] was likely aware that Justin White was experiencing mental health issues at the time in question. [Ross] received a protection order against Justin White and [Moore]. [Moore] did not appear at the hearings on the protection order.
>
> Justin White took the keys to [Moore's] vehicle and intentionally damaged [Ross's] vehicle. [Moore] was not present when the keys and vehicle were taken by White. Justin White was charged with a crime but according to [Ross] restitution was not ordered as a part of the sentence. According to [Ross] no insurance was available to pay for the damage to her vehicle. Timothy Moore does not know [Ross]. Moore was in the hospital when White took his car keys and vehicle and damaged [Ross's] vehicle. [Ross] did not sue Justin White. [Moore] was not charged with any crimes as a result of the facts in this case. [Moore] testified he had not (sic) idea White took his vehicle and damaged [Ross's] vehicle.

{¶5} After the magistrate's findings of fact and conclusions of law were filed, Ross filed objections to the magistrate's decision, referencing additional evidence that she had obtained. The trial court scheduled the matter for "oral arguments" on April 9, 2025. On April 10, 2025, the trial court issued judgment in favor of Ross in the amount of $4,090.14. In the judgment entry, the trial court issued the following findings of fact:

> 1. The Defendant, Timothy Moore, was the lawful owner of a motor vehicle that come (sic) into violent contact with Plaintiff, Marisa Ross's vehicle.
>
> 2. On or about July 23, 2024, [Moore] knowingly permitted Justin K. White, an individual with a known history of mental instability, impaired judgment, and/or erratic behavior, to operate said vehicle.

Case No. 2025-L-051

3. [Moore] was aware, or should have reasonably been aware, that Justin K. White was unfit to operate a motor vehicle due to said instability.

4. While operating the vehicle, Justin White caused a collision resulting in property damage to [Ross's] vehicle.

5. The property damage sustained by [Ross] were (sic) a direct and proximate result of [Moore's] negligent entrustment of the vehicle to Justin White.

{¶6} Ross noticed an appeal from the April 10, 2025 judgment and now assigns the following two errors for our review:

[1.] Plaintiff-Appellee did not present sufficient evidence that Defendant-Appellant was liable for the cause of action of negligent entrustment.

[2.] The Judgment in favor of Plaintiff-Appellee was against the manifest weight of the evidence.

{¶7} In support of his assignments of error, Moore relies on the "recorded" transcript of the magistrate's trial. However, Ross did not file a transcript in support of her objections, and Moore did not secure a transcript of the magistrate's trial for purposes of appeal. Further, Moore did not secure a transcript of the April 9, 2025 proceedings before the trial court.

{¶8} Pursuant to App.R. 9(B)(1), subject to an exception not applicable to this case, "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980),

Case No. 2025-L-051

citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* at 199.

{¶9} Here, although an envelope of "exhibits" was included with the record on appeal, no transcripts were submitted. Moore's assigned errors depend on the transcripts of the proceedings before the magistrate and the trial court. Because Moore has failed to secure copies of the transcripts for submission on appeal, he cannot meet his burden of establishing error by reference to matters in the record. *See Jones v. Russell*, 2024-Ohio-1857, ¶ 17 (11th Dist.). Therefore, Moore's assigned errors lack merit.

{¶10} The judgment is affirmed.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-051

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Painesville Municipal Court is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-051